R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Thomas Hussey*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS ANDREW HUSSEY,<br><br>Plaintiff,<br><br>v.<br><br>KAIZEN MEDIA GROUP LLC, BELAL AYOUB, MICHAEL ROSENFELD and DOES 1-10,<br><br>Defendants. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Andrew Hussey ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli PC, for his complaint against defendants Kaizen Media Group LLC ("Kaizen"), Belal Ayoub ("Ayoub"), Michael Rosenfeld ("Rosenfeld") and Does 1-10 ("Doe Defendants" and together with Kaizen, Ayoub, and Rosenfeld, collectively, "Defendants") alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3.      Plaintiff is an individual doing business as Tom Hussey Photography, LLC with an address at 154 Express Street, Dallas, Texas 75207.

4.      Upon information and belief, Kaizen is a limited liability company registered in the State of Wyoming with a principal place of business at 10 East 33rd Street, 3rd Floor, New York, New York 10016.

5.      Upon information and belief, Ayoub is an individual and co-founder of Kaizen doing business at 10 East 33rd Street, 3rd Floor, New York, New York 10016 and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from Kaizen's infringing activities.

6.      Upon information and belief, Rosenfeld is an individual and co-founder of Kaizen doing business at 10 East 33rd Street, 3rd Floor, New York, New York 10016 and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from Kaizen's infringing activities.

7.      Doe Defendants are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names.  Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff.  Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

8.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

9.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

10.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

11.     Plaintiff is a professional photographer based out of Texas and, through his business Tom Hussey Photography, LLC, creates and licenses photographic images for various uses.

12.     Plaintiff has established a significant and valuable reputation through the success of his many works.  He specializes in commercial advertising and lifestyle photography and has worked for a wide range of national and international clients.  His "Reflections" series of photographs for Novartis won a Gold Addy Award from the American Advertising Federation and was featured in Communication Arts 2010 Photography Annual.  In 2011, Plaintiff was the only American to be named in the top 10 of *Adweek's* "Top 100" (out of more than 2,760) illustrator, graphic artist, art director, design shop, photographer and student portfolios.

13.     In addition to his commercial shooting, Plaintiff has taught photography at the Rochester Institute of Technology in New York and Texas A&M University-Commerce and has worked in the Conservation Laboratory at the International Museum of Photography at George Eastman House.

14.     Photography is his life's work and his love and dedication to the art is remarkably illuminated in his works.

15.     Plaintiff's intellectual property is very important to him.

16.     Sixteen separate copyrighted works from Plaintiff "Reflection" series are at issue in this case (the "Copyrighted Works").  Attached hereto as Exhibit A is a copy of the Copyrighted Works.

17.     Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Works and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Works.

18.     Plaintiff has registered the Copyrighted Works with the United States Copyright Office, Registration Nos. VAu 990-319, VAu 1-057-381, VAu 1-105-553, Pau 3-751-120, copies of which are attached hereto as Exhibit B.

19.     Plaintiff owns all rights, title, and interest, including the copyrights, in and to the Copyrighted Works.

20.     The Copyrighted Works included copyright management information in the metadata of the photographs.

**B.     Defendants' Unlawful Activities**

21.     Upon information and belief, Kaizen owns a number of websites, including one located at the URL http://www.lifedaily.com, where Ayoub and Rosenfeld publish articles and blogs, using high quality photographic images, such as those belonging to Plaintiff, to draw

internet users to its websites, to maintain viewership at those websites, thus generating

advertising revenue that grows as its viewership grows and profiting at the expense of Plaintiff.

      22.     Plaintiff has discovered Kaizen, Ayoub and Rosenfeld infringing Plaintiff's

exclusive copyrights in the Copyrighted Works.

      23.     Specifically, Plaintiff discovered the Copyrighted Works being reproduced,

distributed, and publicly displayed at websites located at the following URLs (herein after the

"Infringing Websites"):

- http://cdn.lifedaily.com/wp-content/uploads/2016/01/01-tom-hussey.jpg
- http://www.lifedaily.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/2/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/09-tom-hussey.jpg
- http://www.lifedaily.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/6/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/02-tom-hussey.jpg
- http://www.lifedaily.com.cwpcdn.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/2/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/12-tom-hussey.jpg
- http://www.lifedaily.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/5/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/11-tom-hussey.jpg
- http://www.lifedaily.com.cwpcdn.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/5/
- http://www.lifedaily.com/wp-content/uploads/2016/01/14-tom-hussey.jpg
- http://www.lifedaily.com.cwpcdn.com/16-amazing-mirror-reflections-of-people-looking-into-their-past/4/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/07-tom-hussey.jpg
- http://www.lifedaily.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/7/
- http://www.lifedaily.com/wp-content/uploads/2016/01/03-tom-hussey.jpg
- http://cdn.lifedaily.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/9/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/16-tom-hussey.jpg
- http://www.lifedaily.com/16-amazing-mirror-reflections-of-people-looking-into-their-past/3/
- http://www.lifedaily.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/3/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/15-tom-hussey.jpg
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/10-tom-hussey.jpg
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/13-tom-hussey.jpg

- http://www.lifedaily.com.cwpcdn.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/4/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/05-tom-hussey.jpg
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/06-tom-hussey.jpg
- http://www.lifedaily.com.cwpcdn.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/8/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/08-tom-hussey.jpg
- http://www.lifedaily.com.cwpcdn.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/7/
- http://cdn.lifedaily.com/wp-content/uploads/2016/01/04-tom-hussey.jpg
- http://www.lifedaily.com.cwpcdn.com/story/16-amazing-mirror-reflections-of-people-looking-into-their-past/9/

24.     Screenshots of the numerous infringements of the Copyrighted Works are attached hereto as Exhibit C.

25.     Upon information and belief, the Infringing Websites are owned by Kaizen.

26.     Upon information and belief, both Ayoub and Rosenfeld operate the Infringing Websites.

27.     Upon information and belief, Ayoub and Rosenfeld located the Copyrighted Works on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Works their computer system and then uploaded the Copyrighted Works to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Works, where the Copyrighted Works were then publicly displayed without Plaintiff's permission.

28.     The reproduction, distribution, and public display of Plaintiff's Copyrighted Works by Kaizen, Ayoub and Rosenfeld is without Plaintiff's authorization.

29.     Having discovered one instance of infringement after the other, it is apparent to Plaintiff that Defendants' infringements of Plaintiff's copyrights are not innocuous and accidental but the result of a business model built on serial infringement.  In its frenzy to generate interests in its websites among consumers, Defendants take high quality photographic content belonging to others, such as that belonging to Plaintiff, without attempting to obtain

authorization because, upon information and belief, it makes more business sense to Defendants

to seek authorization only in the event it is caught in the act of infringement, and only when

brought to court can Plaintiff obtain from Defendants a licensing fee for their use of

Copyrighted Works.

30.     The unauthorized reproduction, distribution, and public display by Kaizen,

Ayoub, and Rosenfeld of Plaintiff's Copyrighted Works are thus not only knowing and willful

and in reckless disregard of Plaintiff's rights but egregiously so and should not be rewarded.

### FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

31.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

32.     The Copyrighted Works are original works of authorship, embodying

copyrightable subject matter, subject to the full protection of the United States copyright laws.

33.     As exclusive owner, Plaintiff has sufficient rights, title and interest in and to the

copyrights in the Copyrighted Works to bring suit.

34.     Upon information and belief, as a result of Plaintiff's reproduction, distribution

and public display of the Copyrighted Works, Kaizen, Ayoub, and/or Rosenfeld had access to

the Copyrighted Works prior to the creation of the Infringing Websites.

35.     By their actions, as alleged above, Kaizen, Ayoub, and/or Rosenfeld infringed and

violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by

reproducing, distributing and publicly displaying the Copyrighted Works.

36.     Upon information and belief, the infringement by Kaizen, Ayoub, and/or

Rosenfeld's infringing conduct is willful and deliberate and they profited at the expense of

Plaintiff.

37.     As a direct and proximate result of Defendant's infringement of Plaintiff's

exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover his actual

damages resulting from the uses of the Copyrighted Works by Defendant without paying license

fees, in an amount to be proven at trial.

38.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

be entitled to recover damages based on a disgorgement of profits from infringement of the

Copyrighted Works, which amounts will be proven at trial.

39.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of each of the Copyrighted Works,

for a total statutory award of or such other amounts as may be proper under 17 U.S.C. § 504(c).

40.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to

17 U.S.C. § 505.

41.     The conduct of Kaizen, Ayoub, and/or Rosenfeld has caused and any continued

infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this

Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is

entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under

copyright law.

<div align="center">

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

</div>

42.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

43.     As an alternative theory to its direct infringement claim, in the event and of the

defendants Kaizen, Ayoub, and/or Rosenfeld contend the infringing conduct described above is

done by another, defendants Kaizen, Ayoub, and/or Rosenfeld had either actual or constructive

knowledge of the above-described infringements and either induced, caused or materially

contributed to the infringing conduct described above.

44.     By their actions, as alleged above, defendants Kaizen, Ayoub, and/or Rosenfeld

foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of

the Copyright Act, 17 U.S.C. §501.

45.     Upon information and belief, the foregoing acts of contributory infringement of

Plaintiff's copyright are willful and deliberate and defendants Kaizen, Ayoub, and/or Rosenfeld

have profited at the expense of Plaintiff.

46.     As a direct and proximate result of the contributory infringement by defendants

Kaizen, Ayoub, or Rosenfeld of Plaintiff's exclusive copyrights in the Copyrighted Works,

Plaintiff is entitled to recover their actual damages resulting from defendants Kaizen, Ayoub,

and/or Rosenfeld's uses of the Copyrighted Works without paying license fees, in an amount to

be proven at trial.

47.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

be entitled to recover damages based on a disgorgement of defendants Kaizen, Ayoub, and/or

Rosenfeld's profits from infringement of the Copyrighted Works, which amounts will be proven

at trial.

48.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of the Copyrighted Works, or such

other amounts as may be proper under 17 U.S.C. § 504(c).

49.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to

17 U.S.C. § 505.

50.     The conduct of defendants Kaizen, Ayoub, and/or Rosenfeld has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

51.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

52.     As an alternative theory to its infringement claims above, to the extent defendants Kaizen, Ayoub, and/or Rosenfeld contend they did not directly infringe or contributorily infringe Plaintiff's copyright, defendants Kaizen, Ayoub, and/or Rosenfeld each had the right or ability to control the direct infringement described above.

53.     As a result of each defendants Kaizen, Ayoub, and/or Rosenfeld's right or ability to supervise the direct infringement described above, defendants Kaizen, Ayoub, and/or Rosenfeld could have prevented or stopped the direct infringement but did not take any action to do so.

54.     Defendants Kaizen, Ayoub, and/or Rosenfeld each had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Works and each Defendant benefitted from that direct infringement.

55.     As a direct and proximate result of defendants Kaizen, Ayoub, and/or Rosenfeld's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover their actual damages resulting from defendants Kaizen, Ayoub, and/or Rosenfeld's uses of the Copyrighted Works without paying

license fees, in an amount to be proven at trial.

56.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

be entitled to recover damages based on a disgorgement of defendants Kaizen, Ayoub, and/or

Rosenfeld's profits from infringement of the Copyrighted Works, which amounts will be proven

at trial.

57.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of the Copyrighted Works, or such

other amounts as may be proper under 17 U.S.C. § 504(c).

58.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to

17 U.S.C. § 505.

59.     The conduct of defendants Kaizen, Ayoub, and/or Rosenfeld has caused and any

continued infringing conduct will continue to cause irreparable injury to Plaintiff unless

enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502,

Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive

rights under copyright law.

## FOURTH CLAIM FOR RELIEF
### (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

60.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

61.     Plaintiff included in his Copyrighted Works digital copyright management

information.

62.     Upon information and belief, defendants Kaizen, Ayoub, and/or Rosenfeld

removed and/or altered copyright management information knowing or having reasonable

grounds to know that such actions would conceal its infringement of Plaintiff's copyrights.

63.     Upon information and belief, defendants Kaizen, Ayoub, and/or Rosenfeld reproduced, distributed and publicly displayed the Copyrighted Works without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

64.     Upon information and belief, defendants Kaizen, Ayoub, and/or Rosenfeld's acts in violation of the Digital Millennium Copyright Act were and are willful.

65.     Upon information and belief, the acts of representatives of defendants Kaizen, Ayoub, and/or Rosenfeld violated the Digital Millennium Copyright Act and were and are willful.

66.     By reason of the violations of the Digital Millennium Copyright Act committed by defendants Kaizen, Ayoub, and/or Rosenfeld, Plaintiff has sustained and will continue to sustain substantial injuries.

67.     Further irreparable harm is imminent as a result of defendants Kaizen, Ayoub, and/or Rosenfeld's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining defendants Kaizen, Ayoub, and/or Rosenfeld, their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with defendants Kaizen, Ayoub, and/or Rosenfeld from engaging in further violations of the Digital Millennium Copyright Act.

68.     At his election, and in lieu of defendants Kaizen, Ayoub, and/or Rosenfeld's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

69.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendants resulting from their reproduction, distribution or display of the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.     Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.     A declaration that Defendants violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal infringement;

8.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should

Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future violation of the Digital Millennium Copyright Act;

10.     Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in § 1203(b)(5);

11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12.     Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 14, 2018

<div style="margin-left: 40%;">

Respectfully submitted,

By: _/s/R. Terry Parker_
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

_Attorneys for Plaintiff,_
_Thomas Hussey_

</div>